UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FELIX CRUZ-ACEVEDO,

                    Petitioner,

        v.

BRUCE SCOTT, et al.,[1]

                    Respondents.

Case No. 2:26-cv-01103-TMC

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

## I.    INTRODUCTION AND BACKGROUND

Petitioner Felix Cruz-Acevedo entered the United States without inspection approximately 30 years ago, was apprehended by Department of Homeland Security officials in February 2026, and is detained at the Northwest Immigration and Customs Enforcement Processing Center in Tacoma, Washington. Dkt. 1 at 2–3, 5. On March 27, 2026, Cruz-Acevedo requested a custody re-determination from an immigration judge ("IJ"), who denied the request

---

[1] Among the Respondents, Petitioner names "Kristi Noem" as the Secretary of the Department of Homeland Security ("DHS").  However, before the petition was filed, Ms. Noem had been replaced as Secretary of DHS by Markwayne Mullin.  Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes Markwayne Mullin for Kristi Noem. The Court urges Petitioner's counsel to exercise greater care in the future in naming Respondents.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 1

on the basis that he was subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and *Matter of Yajure Hurtado*. Dkt. 7-1 at 2. In the alternative, the IJ ruled that if she had jurisdiction to consider the bond request, she would deny it based on flight risk. *Id.* On April 13, 2026, in Cruz-Acevedo's removal proceedings, an IJ denied his requests for relief but granted voluntary departure to Mexico. Dkt. 7-2 at 4–5. According to Cruz-Acevedo's traverse in these proceedings, he has now appealed the denial of relief to the Board of Immigration Appeals. *See* Dkt. 8 at 2.

On March 31, 2026, Petitioner filed a petition for writ of habeas corpus, on the sole ground that his mandatory detention violates the Immigration and Nationality Act ("INA") because he is entitled to consideration for release on bond under 8 U.S.C. § 1226(a). Dkt. 1 at 2. On April 14, the Federal Respondent filed a return to the habeas petition. Dkt. 6. On April 20, Petitioner filed a traverse. Dkt. 8. The habeas petition is now ripe for the Court's review. For the reasons set forth below, the Court DENIES the petition for writ of habeas corpus.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.    DISCUSSION

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 2

under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). The Court

issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

Petitioner argues that his mandatory detention under § 1225(b)(2) is unlawful because he is a member of the Bond Denial Class and is entitled to a bond hearing. Dkt. 1 at 5–6. Petitioner acknowledges that on March 27, 2026, he had a bond hearing before an IJ but asserts that the IJ denied his bond request based solely on lack of jurisdiction and that the "IJ did not make a finding regarding flight risk or danger." *Id.* at 4. Put another way, Petitioner contends that his bond request was denied "not because he was found to be a danger or a flight risk, but [solely] because he was deemed subject to [mandatory] detention under § 1225(b)." *Id.* at 5.

The Federal Respondent, though continuing to disagree with the Court's order in *Rodriguez Vazquez*, does not dispute that Petitioner is a member of the Bond Denial Class for purposes of this matter. Dkt. 6 at 1–3. However, the Federal Respondent points out that "the immigration judge alternatively held a bond hearing for Petitioner and determined that Petitioner presents a flight risk." *Id.* at 6. Consequently, the Respondent argues that Petitioner remains lawfully in detention under the IJ's alternate finding.

First, the Court agrees with the parties that under the reasoning of *Rodriguez Vazquez*, Petitioner is subject to discretionary detention under § 1226(a). *See Rodriguez Vazquez*, 802 F. Supp. 3d at 1322–36. Second, if the IJ found Petitioner to be a flight risk, the IJ's determination

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 3

could be a separate basis for the "legality of [his] custody" and preclude habeas relief. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Despite Petitioner's assertions, the record reflects that the IJ made an alternate finding that Petitioner is a flight risk and denied bond on that basis as well as lack of jurisdiction. Dkt. 7-1.

Cruz-Acevedo's current habeas petition does not encompass a claim that either the procedures used at the bond hearing violated the Constitution or that the flight risk finding was an abuse of discretion. Such claims could be presented in a separate habeas petition. *See, e.g, Marta Escalante Perez v. Julio Hernandez, et al.,* 2:26-cv-00956-TSZ, 2026 WL 1004559 (W.D. Wash., April 14, 2026); *see also Martinez v. Clark*, 124 F.4th 775, 781–84 (9th Cir. 2024). But they have not been made here, nor has Petitioner sought leave to amend the petition. The petition was based solely on the mandatory detention ground, and the flight risk finding precludes relief on that ground. Accordingly, because Cruz-Acevedo has not proven that the current basis for his custody is illegal, the Court DENIES the habeas petition.

### IV.   CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1.     The petition for writ of habeas corpus (Dkt. 1) is DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 27th day of April, 2026

Tiffany M. Cartwright
United States District Judge

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 4